# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

CATHERINE LILLY,

        Plaintiff,

vs.

SYNCHRONY FINANCIAL; *et.al.*,

        Defendant.

Case No. 2:16–cv–2687–JCM–VCF

**<u>ORDER</u>**

Before the court are Synchrony Financial's motion to stay proceedings (ECF No. 13), Lilly's response (ECF No. 15), and Synchrony's reply (ECF No. 18). For the reasons stated below, Synchrony's motion is granted.

## I.    Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

"In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Platinum Realty & Holdings, LLC v. Lee*, No. 2:13-CV-535-GMN-NJK, 2016 WL 5745125, at *1 (D. Nev. Sept. 6, 2016)

## II. Discussion

At this time, Lilly is proceeding on two federal causes of action against Synchrony. (ECF No. 1) Lilly's third cause of action, a state law claim, was dismissed (ECF No. 9) Both causes of action allege violations of the Telephone Consumer Protection Act (TCPA). (ECF No. 1) Both rely on Synchrony's alleged use of an automatic dialer as defined the TCPA. (*Id.*)

"[C]ourts in the Ninth Circuit—and around the country—have granted stays of cases involving the TCPA pending the decision in ACA International and resolution of the definition of the word 'capacity.'" *Clayton v. Synchrony Bank*, No. 1:16-CV-01241-JLT, 2016 WL 7106018, at *3 (E.D. Cal. Nov. 7, 2016) For example, "in *Small* [*v. GE Capital*, No. EDCV 15-2479 JGB, 2016 WL 4502460 (C.D. Cal. Jun. 9, 2016) ], the Central District of California determined a stay was appropriate in another action against Synchrony Bank because 'the ruling in *ACA International* will likely bear on whether Synchrony Bank's dialer at time of the calls at issue was an automatic telephone dialing system." *Id.*

As courts throughout the Ninth Circuit have held, the D.C. Circuit's decision in *ACA International* will define what devices qualify as automatic dialers for the purposes of the TCPA. For her part, Lilly has not articulated, beyond generalized concerns over an inability to prosecute this action, specifically how she will be harmed if this action is stayed. (ECF No. 15) Additionally, the majority of Lilly's argument rely on the prospect of future appeals of the D.C. Circuit's *ACA International* decision. (*Id.*) These concerns are premature. The D.C. Circuit has yet to issue its decision and any claim that said decision will be appealed to the Supreme Court is speculation.

The court finds no reason for deviate from other district courts in the Ninth Circuit. This action is stayed pending the D.C. Circuit's decision in *ACA International*.

Lilly cites two District of Nevada cases to support her argument that this action should not be stayed. First, she cites *Maldonado v. HSBC Mortgage Services*, No. 2:16–cv–784–JAD–VCF, 2017 WL 131744 at *1 (D.Nev. Jan. 10, 2017). *Maldonado*, however, addressed a stay of discovery pending the resolution of a dispositive motion. *Id.* This action concerns a stay of all proceedings pending a decision in a related action. Apart from using a different legal standard, this action is distinguishable from *Maldonado* because there is no pending dispositive motion which could warrant a stay of discovery. Lilly's reliance on this case is misplaced.

Second, Lilly cites *Toldi v. Hyundai Capital America*, No. 2:16–cv–01877–APG–GWF, 2017 WL 736882 at *3 (D.Nev. Feb. 23, 2017), to support her position that courts in this district have denied stay based on *ACA International*. *Toldi*, however, is distinguishable from this action. In *Toldi*, the district judge denied Hyundai's stay request because it offered a single, conclusory statement in support of its stay. *Id.* Here, Synchrony provided a detailed explanation about the specific issue that will be resolved by *ACA International*. As stated above, this explanation warrants a stay of this action.

IT IS HEREBY ORDERED that Synchrony's motion to stay (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that this action is stayed pending the D.C. Circuit's decision in *ACA International*.

IT IS SO ORDERED.

DATED this 7th day of April, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE