UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CATHERINE LILLY,<br><br>Plaintiff(s),<br><br>v.<br><br>SYNCHRONY FINANCIAL,<br><br>Defendant(s). | Case No. 2:16-CV-2687 JCM (VCF)<br><br>ORDER |

Presently before the court is the matter of *Lilly v. Synchrony Financial*, case number 2:16-cv-2687-JCM-VCF.

On April 7, 2017, Magistrate Judge Ferenbach granted the parties' motion to stay the instant case. (ECF No. 19). A year later, on April 9, 2018, the court granted the parties' stipulation to submit to binding arbitration. (ECF Nos. 20; 21). Since this court's order nearly two years ago, this case stagnated. As a result, on February 24, 2020, the court ordered the parties to file a stipulation to dismiss or a status report. (ECF No. 22).

Despite the court's most recent order, no party has appeared. No documents or motions have been filed. The parties have not updated the court regarding the status of their binding arbitration.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although this rule only references dismissal upon defendant's motion, the Supreme Court in *Link v. Wabash R. Co.* held as follows:

> Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power

**James C. Mahan**
**U.S. District Judge**

> of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

The Supreme Court specifically affirmed "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. Thus, Rule 41(b) authorizes district courts to sua sponte dismiss actions for failure to prosecute or to comply with court orders or the Rules. *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002);

This power is also codified in this court's local rules. Local Rule 41-1 provides that "[a]ll civil actions that have been pending in this court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party." LR 41-1.

Plaintiff has failed to prosecute her claim and failed to comply with the court's order for a stipulation dismissing this action in accordance with the parties' binding arbitration or for a status report.

Consequently, the court finds that dismissal is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's complaint in the matter of *Synchrony Financial*, case number 2:16-cv-2687-JCM-VCF, be, and the same hereby is, DISMISSED.

The clerk is instructed to enter judgment and close the case accordingly,

DATED March 30, 2020.

                                               _/s/ James C. Mahan_
                                               UNITED STATES DISTRICT JUDGE